<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| OKAN YILMAZ,<br><br>          *Petitioner*,<br><br>     v.<br><br>WARDEN, *et al.*,<br><br>          *Respondents*. | Civil Action No. 26-cv-03867<br><br>**ORDER**<br><br>August 10, 2026 |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Okan Yilmaz ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued immigration detention (ECF Nos. 1, 12); and

**WHEREAS**, Petitioner is a native and citizen of Turkey who entered the United States on or about July 21, 2022, without being admitted or paroled, and on July 23, 2022, the Department of Homeland Security served him with a Notice to Appear charging him as removable under INA § 212(a)(6)(A)(i) (ECF Nos. 1 ¶¶ 2-3, 23-25; 10 at 2; 12 ¶¶ 2-3, 23-25); and

**WHEREAS**, Petitioner filed an application for asylum and related relief on September 9, 2022, and removal proceedings were conducted before the Immigration Court in Jena, Louisiana (ECF Nos. 1 ¶¶ 26-27; 12 ¶¶ 26-27); and

**WHEREAS**, on October 12, 2022, an Immigration Judge denied Petitioner's applications for relief and ordered him removed (ECF Nos. 1 ¶¶ 4, 28; 10 at 2; 12 ¶¶ 4, 28); and

**WHEREAS**, Petitioner did not appeal the Immigration Judge's decision to the Board of Immigration Appeals, and his removal order became administratively final on November 11, 2022

(ECF Nos. 1 ¶¶ 5, 29; 10 at 3; 12 ¶¶ 5, 29); and

**WHEREAS**, according to Respondents, Petitioner was released from immigration custody on an order of supervision on December 9, 2022, due to humanitarian parole (ECF No. 10 at 2); and

**WHEREAS**, on March 28, 2026, Petitioner was taken back into immigration custody pursuant to 8 U.S.C. § 1231(a)(6) based upon his final order of removal and has remained detained at the Delaney Hall Detention Facility in Newark, New Jersey (ECF Nos. 1 ¶¶ 6, 30, 36; 10 at 2-6; 12 ¶¶ 6, 30, 36); and

**WHEREAS**, Petitioner alleges that no country has agreed to accept him, that Immigration and Customs Enforcement has not demonstrated a significant likelihood of his removal in the reasonably foreseeable future, and that his continued detention therefore violates 8 U.S.C. § 1231(a)(6), the Fifth Amendment, and *Zadvydas v. Davis*, 533 U.S. 678 (2001) (ECF Nos. 1 ¶¶ 1, 7-10, 33-34; 12 ¶¶ 1, 7-10, 33-34); and

**WHEREAS**, Respondents dispute Petitioner's allegations, asserting that Petitioner was never granted withholding of removal, that his detention under § 1231(a)(6) is lawful, and that his continued detention remains permissible pending execution of his final order of removal (ECF No. 10 at 1-3); and

**WHEREAS**, Petitioner also alleges that he has no criminal history and maintains family ties in the United States, including his father and brother (ECF Nos. 1 ¶ 35; 12 ¶ 35); and

**WHEREAS**, the Court has reviewed the Petition (ECF Nos. 1, 12), Respondents' Response (ECF No. 10), and Petitioner's Reply (ECF No. 13), and resolves the Petition on the papers submitted pursuant to Rule 78(b) of the Federal Rules of Civil Procedure; and

**WHEREAS**, Respondents rely on 8 U.S.C. § 1231(a)(6) as authority for Petitioner's

2

current detention based solely on the existence of a final order of removal (ECF No. 10 at 1-3); and

**WHEREAS**, the record reflects, however, that after Petitioner's removal order became administratively final, Respondents released him from immigration custody on December 9, 2022, pursuant to an Order of Supervision following humanitarian parole (ECF No. 10 at 3); and

**WHEREAS**, Petitioner thereafter remained at liberty for more than three years before being re-detained on March 28, 2026 (*see* ECF Nos. 1 ¶¶ 6, 30; 10 at 2-3; 12 ¶¶ 6, 30); and

**WHEREAS**, although Respondents contend that Petitioner's re-detention is authorized by § 1231(a)(6), they do not meaningfully explain why Petitioner's prior release under an Order of Supervision no longer governs, identify any changed factual circumstances warranting his renewed detention, or otherwise establish that his present detention is authorized by law; and

**WHEREAS**, under these circumstances, Respondents have failed to demonstrate that Petitioner's continued detention is lawful. Accordingly, the Court concludes that habeas relief is warranted and that Petitioner shall be released under the same conditions that governed his release immediately before his March 28, 2026 re-detention; therefore

**IT IS** on this 10th day of August, 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner **WITHIN 24 HOURS** of this Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court

may take further action as appropriate; and it is further

ORDERED that the Clerk of the Court shall **CLOSE** this case.

**Hon. Karen M. Williams,**
**United States District Judge**